United States District Court
Southern District of Texas
**ENTERED**
May 11, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ANGELICA AGUILAR MUNIZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-23 |
| | § | |
| ORLANDO PEREZ[1] *et al.* | § | |

### ORDER

The parties filed a joint stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) (Dkt. No. 16). The Federal Rules of Civil Procedure apply in habeas actions "to the extent that they are not inconsistent with any statutory provisions or these rules." Rules Governing Section 2254 Cases, Rule 12; *see also* Rules Governing Section 2254 Cases, Rule 1(b) (§ 2254 rules apply to 28 U.S.C. § 2241 cases); *see also* Fed. R. Civ. P. 81(a)(4); *see also Williams v. Clarke*, 82 F.3d 270, 272–73 (8th Cir. 1996) (finding that the previous version of Rule 41(a)(1) was consistent with the habeas rules).

Generally, parties in a civil suit may dismiss claims without a court order upon filing a stipulation of dismissal "signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). This general rule is subject to limitations in class action suits, shareholder derivative suits, and suits where the Court has appointed a receiver. *See* Fed. R. Civ. P. 41(a)(1)(A). Unless otherwise indicated, Rule 41(a)(1)(A)(ii) dismissals operate without prejudice. Fed. R. Civ. P. 41(a)(1)(B).

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Todd Blanche is automatically substituted for Respondent Pamela Bondi in this case. Markwayne Mullin is automatically substituted for Respondent Kristi Noem under this same rule. The Clerk of Court is **DIRECTED** to substitute these parties on the docket sheet.

Here, all parties signed the stipulation and none of the above limitations apply (*see* Dkt. No. 16). Therefore, the stipulation's filing automatically dismissed Petitioner's claims without prejudice. *See Yesh Music v. Lakewood Church*, 727 F.3d 356, 362 (5th Cir. 2013) (a Rule 41(a)(1)(A)(ii) dismissal presumptively operates without prejudice and is effective upon filing); *see also Suarez-Rangel v. United States*, No. 3:17-CR-341-B(13), 2020 WL 5219559, at *2 (N.D. Tex. Aug. 17, 2020) (construing a notice as a Rule 41(a)(1)(A)(ii) dismissal in a habeas proceeding and noting the dismissal was effective upon filing), *report and recommendation adopted*, No. 3:17-CR-341-B(13), 2020 WL 5215153 (N.D. Tex. Aug. 31, 2020).

Because no claim remains pending in this case, the Clerk of Court is **DIRECTED** to **TERMINATE** this civil action.

It is so **ORDERED**.

**SIGNED** May 11, 2026.

Marina Garcia Marmolejo
United States District Judge

2